65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George HALEY, Defendant-Appellant.
 No. 94-6147.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1995.
 
 Before: KENNEDY, JONES, KRUPANSKY, Circuit Judges.
 KRUPANSKY, Circuit Judge.
 
 
 1
 George Haley appealed his sentence for Theft from an Interstate Shipment, in violation of Title 18 U.S.C. Sec. 659. Haley pled guilty and was sentenced to 21 months under the Guidelines, with an additional three years supervised release. Haley contended on appeal that the district court erred in refusing to grant him a 4-level decrease in his offense level under Guideline section 3B1.2(a) which states: "If the defendant was a minimal participant in any criminal activity, decrease by 4 levels." Because Haley was more than a minimal participant in the one theft for which he was charged, the trial court's decision to not grant the 4-level decrease is affirmed.
 
 
 2
 Haley pled guilty to the theft of a truck load of Levi's shirts, which he had stolen with co-defendant Wiley Bouchillon. Although Haley's sentence was limited to the single theft to which he entered his guilty plea, his counsel argued that he was merely a minimal participant in the theft of shirts and was not involved with defendant Bouchillon in the more egregious crime of conspiracy to steal trucks. Consequently, counsel requested that the judge examine the scope of the thefts by Bouchillon of other trucks. The judge refused, and the defendant appealed.
 
 
 3
 Haley's argument is without merit. Because Haley was not charged with a conspiracy to steal trucks, evidence of other crimes by Bouchillon was not relevant to Haley's sentence. The judge was correct, therefore, in refusing to examine the scope of other activities by co-defendant Bouchillon. Furthermore, the evidence disclosed to the sentencing judge that Haley had assisted in the theft of the tractor, that he had taken some of the shirts for his personal use, that he had attempted to find a buyer for the stolen shirts, and that he had agreed to drive to Mississippi to deliver the stolen shirts. Based on this evidence the judge was correct in concluding that Haley was more than a minimal participant in the theft of the tractor-trailer load of shirts.
 
 
 4
 Accordingly, Haley's sentence is AFFIRMED.